North Arkansas Highway Improvement District No. 2
                v. Home Telephone Company.

## Opinion delivered March 5, 1928.

1.  Highways—action against highway district—venue.—Where
    the domicile of a highway improvement district was fixed by Acts
    1917, p. 2181, in Izard County, it was not subject to jurisdiction
    of the court in Fulton County.

2.  Judgment—when error to render judgment by default.—
    Where the defendant highway district came into court by attor-
    neys and filed an answer showing no liability for damages done
    by a contractor as claimed, it was error to render judgment
    against the district by default.

3.  Judgment—when set aside for mistake or fraud.—A judgment
    by default will be set aside after the term at which it was ren-
    dered if it appears that the judgment was rendered either by
    mistake or by fraud practiced by the successful party in obtain-
    ing it.

4.  Pleading—defective statement of cause of action.—The rem-
    edy to reach a cause of action defectively stated is by motion to
    make the complaint more definite and certain, rather than by
    demurrer.

5.  Judgment—action to vacate judgment—parties.—Where a
    judgment was obtained against a highway contractor with a
    judgment over against the highway district as garnishee, and
    the person securing the judgment was proceeding to enforce it
    against the district, it was not necessary, in the district's suit to
    vacate such judgment, that the highway contractor be made a
    party.

6.  Pleading—want of proper verification of complaint.—The
    want of proper verification of a complaint cannot be reached by
    demurrer, nor raised in the Supreme Court for the first time on
    appeal.

Appeal from Fulton Circuit Court; *John C. Ashley,*
Judge; reversed.

*Coleman & Reeder* and *S. M. Casey,* for appellant.

*H. A. Northcutt* and *Oscar E. Ellis,* for appellee.

Kirby, J.    Appellant brought this suit, after the
expiration of the term, to quash, set aside and vacate a
judgment for $686 obtained by appellee against it in the
Fulton Circuit Court on August 26, 1925.

The petition alleged that the judgment was obtained
without proper service, rendered without jurisdiction

and without notice to the district of the pendency of the suit until after the expiration of the term at which it was rendered. It was alleged that the district was created by special act 473 of the Acts of 1917.

"That on the 26th of August, 1925, the defendant obtained a judgment in this court against the plaintiff for the sum of $686 in a suit by the defendant against W. I. Davis Construction Company, in which it took judgment over, as it claimed, against the plaintiff, copy of which judgment is hereto attached, marked Exhibit A and made a part of this complaint. Plaintiff states that said judgment was taken against it without any proper service, and it had no knowledge that same had been taken until recently, when a garnishment was issued on said judgment against the collector of Fulton County, who had in his hands funds of the plaintiff"; that the court had no jurisdiction to render judgment under the pleadings in the case, and was without jurisdiction also, because, under the act of its creation, the district could only be sued in Izard County, and "plaintiff states that it was not indebted to the W. I. Davis Construction Company in any sum, nor to the defendant, Home Telephone Company, and it has a complete and full defense to said cause."

A general demurrer was interposed to this petition by the appellee company, which the court sustained, its judgment reciting that the cause was heard on the judgment and pleadings in the case of *Home Telephone Co. et al. v. W. I. Davis Construction Co.*, heretofore pending in this court, and which judgment is sought to be set aside.

The court, after hearing said demurrer and examining said judgment and pleading, is of opinion that plaintiff's remedy, if any, is by certiorari and not by proceeding under § 6290, C. & M. Digest, to vacate said judgment, and that the demurrer should be sustained. The plaintiff excepted to the ruling of the court, and, declining to plead further, the complaint was dismissed, from which judgment this appeal is prosecuted.

The judgment sought to be quashed or vacated, attached to the petition as an exhibit, recites that on the 26th day of August, 1925, "the plaintiff, Home Telephone Company, appeared in person and by its attorneys, H. A. Northcutt and Oscar E. Ellis, and announced ready for trial, and the defendant, W. I. Davis Construction Company, appeared by its attorneys, G. T. Humphries and J. M. Burrow, and the North Arkansas Highway Improvement District No. 2 failed to appear, and made default, although having been legally served with summons for more than 20 days before the convening of this court."

The pleadings upon which this judgment was rendered show that the suit was brought by the telephone company against the construction company in the Fulton Circuit Court for damages to the telephone line and poles of the plaintiff by the defendant in the construction of the highway leading from Batesville to Mammoth Spring, on the section thereof leading from Mammoth Spring to Salem, Arkansas; that defendant company was working and building the road or highway under a contract with the North Arkansas Highway Improvement District No. 2, and that the company had negligently and unlawfully destroyed the telephone line in the construction of the highway, to the damage of the plaintiff. On motion the complaint was made more specific.

The defendant, W. I. Davis Construction Company, moved to have the highway improvement district made a party, alleging that the commissioners in charge of the district had selected the route for the construction of the highway, and, after the survey was made and approved and notice given for all parties owning property along the right-of-way to appear and make their claim for damages, had contracted with the W. I. Davis Construction Company to build the highway, and put it in possession thereof; that, if any wrong was done to plaintiff, it consisted in the action taken by the commissioners of the improvement district, while acting under the authority of the State Highway Department; alleged

that, under the above statement and conditions, the
defendant should not be liable to the plaintiff in any
sum, and, if the commissioners were made parties, "that
they can answer and show wherein this defendant is not
liable to plaintiff in any sum whatever."

Thereupon the district filed a response to said
motion, alleging that they had fully and completely paid
and remunerated the said W. I. Davis for the work
alleged to have been done by the plaintiff, Home Tele-
phone Company, as mentioned and set out in said party's
original and amended complaints, and prayed to be dis-
charged, with costs. This response was filed by Oscar
E. Ellis and H. A. Northcutt, the attorneys who brought
suit for the telephone company against the Davis Con-
struction Company.

The court was without jurisdiction to bring the
highway district into court in Fulton County, its domi-
cile being fixed by law in Izard County, and service being
required to be had in all suits against it by service had
on the commissioner of that county. Section 4, act 473
of the Acts of 1917.

When attorneys of the district, the same attorneys
who represented plaintiff in the action against it, entered
the appearance of the district, it was alleged in the
response that the district had fully and completely paid
and remunerated the contractor "for the work alleged
to have been done by the plaintiff, Home Telephone Com-
pany, as mentioned and set out in said party's original
and amended complaint."

Notwithstanding this answer, denying any liability
on the part of the district to the contractor or the Home
Telephone Company, the judgment recites that the dis-
trict failed to appear, and made default, and "thereupon
the plaintiff and defendant, W. I. Davis Construction
Company, agreed in open court that a judgment should
be entered in favor of the plaintiff in the sum of $686,
and that the said W. I. Davis Construction Company took
judgment over against North Arkansas Highway
Improvement District No. 2 by default in the sum of
$686."

Judgment was then rendered that the plaintiff Home Telephone Company have judgment against the Davis Construction Company in the sum of $686, that W. I. Davis Construction Company should have judgment against the North Arkansas Highway Improvement District No. 2 in the sum of $686, etc.

When the district came into court by its attorneys and filed an answer, showing that it was not liable to the plaintiff for any damage done by the contractor, having already paid him in full for the work done, the court should not have rendered judgment against the district by default.

The commissioners had the right to rely upon their answer and response, which showed a complete defense to any suit against it by the contractor, and certainly to any allegations of the complaint for damages alleged to have been caused by it or its contractor in the construction of the highway. The complaint itself did not allege a cause of action or liability on the part of the district for the damages alleged to have been done by the contractor in the construction of the highway, and the response or answer of the district showed it was not liable for any such damages. Such being the case, the allegations of the petitions, with the inferences arising from the recitals of the judgment sought to be set aside and the pleadings upon which it was rendered, exhibits thereto, are sufficient to show the judgment was rendered by mistake, or by fraud practiced by the successful party in obtaining it.

If such pleading, with the inferences arising from the allegations, are to be considered as stating a cause of action defectively, it should have been corrected by motion to make more definite and certain, rather than by sustaining a demurrer holding it insufficient, which was erroneously done.

It can make no difference that the construction company was not made a party to the proceedings to vacate the judgment, since the allegations showed that the judgment had been rendered against the district, which was

proceeding to enforce it against the appellant, and that the construction company had no interest therein. Neither could a want of proper verification of the motion or complaint be reached or taken advantage of by demurrer, nor can the question be raised here for the first time.

The court erred in not so holding, and the judgment is reversed, and the cause remanded with directions to overrule the demurrer, and for further proceedings in accordance with law and not inconsistent with this opinion.