HOME TELEPHONE COMPANY *v.* NORTH ARKANSAS HIGHWAY IMPROVEMENT DISTRICT No. 2.

Opinion delivered June 24, 1929.

*H. A. Northcutt* and *Oscar E. Ellis,* for appellant.

*Coleman & Reeder* and *S. M. Casey,* for appellee.

McHANEY, J. This is the second appeal of this case. The facts are stated in the opinion in the former case, *North Arkansas Highway Improvement District No. 2 v. Home Telephone Co.,* 176 Ark. 553, 3 S. W. (2d) 307. To repeat briefly, appellant sued the Davis Construction Company in the Fulton Circuit Court to recover for damages done to its telephone line in building the highway being constructed in the district. The Davis Construction Company answered, and prayed that appellee be made a party defendant, and that, if a judgment be obtained against it, it have judgment against the district for a like sum. The court made an order making the district a defendant, and some kind of service was had upon the district, and judgment was entered by default against it, and in favor of the Davis Construction Company. When it discovered that a judgment had been entered against it, it filed a motion to quash such judgment on the ground that it had not been properly served in the action, and that it could not be sued in Fulton County, by reason of the provisions of § 4, act 473, Acts of 1917, page 2181.

Appellant interposed a demurrer to the motion to quash, which the court sustained, and the district appealed to this court, which resulted in a reversal, and the case was remanded, with directions to overrule the demurrer, and for further proceedings in accordance with law and not inconsistent with the opinion.

Mandate was taken out and filed in the lower court, and appellant thereupon filed a response to the motion to quash, to which the appellee interposed, and the court sustained, a demurrer. On the former appeal, the court said: "The court was without jurisdiction to bring the highway district into court in Fulton County, its domicile being fixed by law in Izard County, and service being required to be had in all suits against it by service had on the commissioner of that county. Section 4, act 473 of the Acts of 1917."

Upon an examination of the response in connection with the opinion of this court in the former appeal, we think the demurrer to the response was properly sustained. This court expressly held that the Fulton Circuit Court was without jurisdiction to bring the highway district into its court, under the authority of the act creating the district, and there is no showing that the commissioners voluntarily entered the appearance of the district in the action so as to give the Fulton Circuit Court jurisdiction, even though it be conceded that they could do so. Moreover, appellant is in no position to complain at the action of the court in quashing the judgment against the district in favor of the Davis Construction Company. True, it has garnished the district on its judgment against Davis, but that would not authorize appellant to resist a motion to quash a judgment obtained by the Davis Construction Company against the district.

We find no error, and the judgment is affirmed.